UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICK MANSWELL, ANTHONY JAMES, :
KWESI RICHARDSON, BHAWANIE JAGGERNAUTH, :
KIPLING CAMPBELL, and NARAYAN GOPAUL, :
Individually and on Behalf : ECF
of All Other Persons Similarly Situated, :
 : 11 Civ. 7108 (JGK)(KNF)
 Plaintiffs, :
 :
 -against- :
 :
KENTREL CORPORATION, KENTREL, INC., :
THOMAS CRAIG, MICHAEL HAPERSBERGER, :
and JOHN DOES #1-10, :
 :
 Defendants. :
------------------------------------------------------------------------X

**MOTION ON CONSENT AND MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' APPLICATION FOR
PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

    LAW OFFICE OF WILLIAM COUDERT RAND
    William Coudert Rand, Esq. (WR-7685)
    *Attorney for Plaintiffs*, Individually,
    and on Behalf of All Other Persons Similarly Situated
    488 Madison Avenue, Suite 1100
    New York, New York 10022
    Tel: (212) 286-1425

TABLE OF CONTENTS

Page

I.  INTRODUCTION………..……...………………………………………...............1

II.  BACKGROUND OF THE LITIGATION AND THE SETTLEMENT…………………2

III.  THE PROPOSED SETTLEMENT……………………………………………5

   A.  Settlement Class……………………………………………………...........5

      1.  Class Action Settlement Members……………………………...........5

      2.  Collective Action Settlement Members…………………………...........5

   B.  Settlement Considerations…………………………………………...........5

      1.  Proposed Monetary Terms…………………………………….……...6

         a.  Class Action Settlement Is Fair…………………………………6

      2.  Payment of Attorneys' Fees, Costs and Expenses…....………………7

      3.  Additional Payment for the Named Plaintiffs.....................…........8

   C.  Release of Claims………………………………………………………8

   D.  Defendants' Limited Right to Withdrawal from Settlement……………………9

IV  PRELIMINARY SETTLEMENT APPROVAL……………………………………..9

   A.  The Role of the Court……………………………………………………9

   B.  The Proposed Settlement Class May Be Certified Under *Amchem*……………10

      1.  Plaintiffs Have Met All Of The Prerequisites Under Rule 23(a)
          and Section 216 of the Fair Labor Standards Act………………………...12

         a.  The Requirement of Numerosity is Satisfied……………..…….12

         b.  The Requirement of Commonality is Satisfied………………..12

         c.  The Requirement of Typicality is Satisfied…………….............13

TABLE OF CONTENTS (CONTINUED)

Page

        d.     The Requirement of Adequate Representation is Satisfied……...13

    2.    The Court Should Certify The Settlement Class Under Rule
        23(b)(3) and Section 216 of the Fair Labor Standards Act………………14

    3.    The Court Should Appoint Plaintiffs' Counsel As Class Counsel………15

C.    Criteria To Be Considered In Deciding Preliminary Approval…………………15

    1.    There Are No Grounds To Doubt The Fairness Of The Settlement,
        Which Is The Product Of Extensive, Arm's-Length Negotiations………19

    2.    The Settlement Contains No Obvious Deficiencies……………...............20

    3.    The Settlement Falls Within The Range Of Possible Approval…………22

V.    THE PROPOSED PLAN OF CLASS NOTICE…………………………………………....23

VI.    CONCLUSION……………………………………………………………………………..26

**TO THE HONORABLE DISTRICT COURT**:

Under Rule 23(e) of the Federal Rules of Civil Procedure and Section 216 of the Fair Labor Standards Act, the Named Plaintiffs Patrick Manswell, Anthony James, Kwesi Richardson, Bhawanie Jaggernauth, Kipling Campbell, and Narayan Gopaul ("Plaintiffs") apply to this Court for preliminary approval of a proposed settlement in this wage and hour class action, as set forth below.  Defendants Kentrel Corporation, Kentrel Inc., Thomas Craig, and Michael Hapersberger (collectively "Defendants"), consent to this application.

## I.     INTRODUCTION.

Plaintiffs submit this application for preliminary approval of a proposed settlement in this wage and hour class action brought on behalf of certain employees of Defendants employed as water meter installers as defined in section 2.16 of the Stipulation and Settlement Agreement, dated as of November 5, 2012 ("Settlement Agreement" attached  as Exhibit A to the Rand Declaration), and listed in Exhibit A of the Settlement Agreement.  The settlement will resolve all claims before this Court with prejudice to the class members and without costs or fees except as specifically provided in the Settlement Agreement.

The proposed compromise is set forth in the Settlement Agreement.  The Settlement Agreement is not an admission of liability by Defendants.  The Settlement is the result of extensive, arm's-length discussions and negotiations.

Plaintiffs ask this Court to enter the proposed Order (submitted herewith as Exhibit A to the Rand Declaration): (1) granting preliminary approval of the proposed settlement; (2) certifying the proposed plaintiff class pursuant to Rules 23(b)(2) and (b)(3) and Section 216 of the Fair Labor Standards Act for purposes of the settlement; (3) directing that the class be given notice of the pendency of this action and the settlement in the form and matter proposed by the

parties (see notice attached to Settlement Agreement as Exhibit D); and (4) scheduling a hearing at which the Court will consider the parties' motion for final approval of the settlement and entry of their proposed final judgment, and Plaintiffs' Counsel's application for approval of a negotiated attorney's fees payment in the amount of $85,000, to compensate for all of the work already performed, and costs and expenses already incurred in this Litigation, as well as for all work and cost remaining to be performed or incurred in implementing the Settlement, providing notice of the Settlement, securing Final District Court Approval, and obtaining dismissal of the Litigation with prejudice, and potentially defending against any appeals.

As identified in the proposed Order, Plaintiffs recommend that the Court order that the following actions occur on the dates specified in the proposed Order:  (1) notice be provided to Settlement Class Members by mail based upon the employees' addresses maintained by the Defendants; (2) requests for exclusion from the settlement and Claim Forms be postmarked on or before the date specified in the proposed Order; (3) objections to the settlement or the award of attorneys' fees in favor of Plaintiffs' Counsel be served on Counsel and the Court on or before the date forty-five (45) days after mailing of the Notice; and (4) a Fairness Hearing be held at the Court's convenience, and, on a date specified in the proposed Order.  Defendants' Counsel has consented to this application to the Court and also asks the Court to grant the requested relief.


## II.    __BACKGROUND OF THE LITIGATION AND THE SETTLEMENT.__

Plaintiffs, who were water meter installer employees as that term is defined in the Settlement Agreement, commenced the Litigation by filing a complaint in the United States District Court for the Southern District of New York on October 7, 2011, in which they asserted claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. and the

New York Labor Law ("Labor Law") and New York contract law, alleging, *inter alia*, failure to properly maintain time records of hours worked, failure to post required notices of minimum wage and overtime pay rights under FLSA and failure to pay time and one half for hours worked over forty per week.  Named Plaintiffs also alleged a failure by Defendants to properly compensate them and other Class Members for travel expenses including, but not limited to, fuel and vehicle wear and tear, and for reimbursement for tools purchased.  Named Plaintiffs brought the action as a collective action under the FLSA and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with regard to the New York Labor Law claims and contract claims.  Defendants answered the Complaint in this action on November 30, 2011, and unequivocally denied any liability or wrongdoing, and indicated that they intended to vigorously defend themselves against the claims if the Parties were not able to effectuate a fair and reasonable settlement.  Defendants continue to deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in this action, and nothing contained herein shall be deemed a presumption, concession or admission by Defendants of any liability or wrongdoing as to any facts or claims alleged or asserted in this action.

Prior to entering into the Settlement Agreement, Plaintiffs' Counsel conducted an investigation relating to the events and transactions underlying Plaintiffs' claims.  Plaintiffs' Counsel's decision to enter into this Settlement Agreement was made with knowledge of the facts and circumstances underlying Plaintiffs' claims and the strengths and weaknesses of those claims.  In determining to settle the Action, Plaintiffs' Counsel has analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and has taken into account the substantial expense and length of time necessary to prosecute the litigation through class certification, trial, post-trial motions and likely appeals, taking into consideration the significant

uncertainties in predicting the outcome of this complex litigation.  Plaintiffs' Counsel believes

that the Settlement described herein confers substantial benefits upon the Class Members.  Based

upon consideration of these factors, and others, Plaintiffs' Counsel has concluded that it is in the

best interest of Plaintiffs, and the Class Members to settle the Action on the terms described

herein, and that such Settlement is fair, reasonable and adequate to the Class.

Plaintiffs' Counsel believe that if the Action were not settled, and (1) the Court certified

the Action as a class action over Defendants' opposition, (2) the Action proceeded to trial, and

(3) the individually named Plaintiffs, and the Class Members prevailed on every claim and

contention asserted, the recovery by judgment could be greater than the recovery under the

Settlement.  However, Plaintiffs' Counsel considered that there was a substantial risk that, if the

Action proceeded, class certification would not be granted, and that, even if certification were

granted, Plaintiffs, and the Class Members might not have prevailed on any or all of their claims.

Plaintiffs' Counsel also considered the likelihood that Defendants would appeal any adverse

rulings, which would, at a minimum, substantially delay any recovery and present a risk that

such rulings would be reversed in Defendants' favor.  Plaintiffs' Counsel also considered the risk

that Defendants might not have the assets to satisfy a class judgment.

Defendants deny all allegations of wrongdoing or liability whatsoever.  Defendants desire

to settle and terminate all existing or potential claims against them, which were, or could have

been, asserted in the Action, without in any way acknowledging any fault or liability, in order to

eliminate the expense and uncertainty of protracted litigation.  The Settlement Agreement is not,

and shall not be construed or be deemed to be, evidence or an admission or a concession on the

part of Defendants of any fault or liability or damages whatsoever, and Defendants do not

concede any infirmity in the defenses which it has asserted or could have asserted in the Action.

The amount of damages, if any, which Plaintiffs could prove on behalf of themselves, or the Class Members was also a matter of dispute.  The Settlement's provisions do not constitute a finding, admission or concession of the existence, extent or measure of damages.  No determination has been made by the Court as to liability or the amount, if any, of damages incurred by the Class, nor on the proper measure of any such damages.  The determination of damages, like the determination of liability, is a complicated and uncertain process.  The Settlement herein will provide an immediate and substantial benefit, and avoids the risks that liability or damages might not be proved at trial, as well as the risk that class and collective action certification might not be granted.

III.    **THE PROPOSED SETTLEMENT.**

A.    **Settlement Class.**

Class Action Members subject to this provision concerning class action treatment under F.R.C.P. Rule 23 consist of all individuals employed by Kentrel exclusively as water meter installer employees (as defined in section 2.16 of the Settlement Agreement, and listed in Exhibit A of the Settlement Agreement) at any time from March 1, 2009 through February 29, 2012 (the "Class").  The Class includes all collective action plaintiffs who filed consent-to-join forms to opt-in to this Litigation.

B.    **Settlement Considerations.**

The settlement considerations being provided by Defendants pursuant to the Settlement Agreement are as follows:

5

1.      **Proposed Monetary Terms.**

a.  **Class Action Settlement Is Fair**

Defendants agree to pay an aggregate settlement amount not to exceed $300,000.00 to settle the claims of the Class Action Settlement Class.  The Class Action Settlement Class payment amounts are calculated based on aggregate claims of $411,184.80, and shall be distributed as Individual Settlement Amounts, in the manner described in Section 10.4 of the Settlement Agreement.  The amount allocated to each class member is set forth on Exhibit A to the Settlement Agreement (plus up to an additional $40,000 to be divided proportionately among the Class Action Members who timely file claims if the total claims made is less than $203,000). The amounts listed on Exhibit A of the Settlement Agreement were calculated in the manner described in Section 11 of the attached Settlement Agreement.

If the total claims equal or exceed $203,000, then the amount of each Class Action Member's settlement payment shall be determined by the amounts listed on Exhibit A of the Settlement Agreement, which were calculated by multiplying the number of weeks worked by the Class Member by $89.70 (equal to 1.3 hours of work at $69 per hour, the prevailing overtime rate).  If the total claims are less than $203,000, then the amount of each Class Action Member's settlement payment shall be the sum of the claimant's settlement amount on Exhibit A and his/her proportional share (by claim amount) of the lesser of (a) difference between the total claims received and $203,000 and (b) $40,000 (creating a $40,000 cap on funds to be distributed to claimants over and above the amounts listed on Exhibit A).

Defendants contend that they have limited funds.  Upon reviewing the recent tax returns of Defendants, and reading the Affidavit of Kentrel Corporation's founder, Plaintiffs learned of Defendants net worth.  With this knowledge, and after arm's length negotiation, settlement

amounts were reached.  The settlement of 1.3 hours per day was reached as a compromise. Plaintiffs alleged that they worked off the clock, at least one hour in the morning and one hour in the evening.  Because off the clock hours are difficult to prove and depend on the credibility of testimony, the Parties agreed to compromise on a 1.3 hour period.

The rate of $69 is the current, prevailing overtime rate which Plaintiffs argued applied to unpaid overtime hours, because the work performed during the unpaid time was work directly related to the meter replacement tasks to which the prevailing wage applied.  Defendants do not dispute that $69 was the current prevailing rate for overtime pay.  However, Defendants maintain that Plaintiffs and all putative class members were paid all overtime due and owing.

The Plaintiffs agreed to not seek further reimbursement for tool expenses and vehicle expenses.  Defendants argued that Plaintiffs were not entitled to any reimbursement for tool expenses under the prevailing wage rate law and the terms of the DEP contract.  Additionally, Defendants argued that Plaintiffs already owned the tools needed for the job, they already took a tax deduction for the cost of the tools on their personal income taxes, and/or they failed to return the tools loaned to them by Defendants while on the job, and that at a maximum Defendants would be liable only for the rental value of the tools or the depreciation of the tools as the tools could be sold or continued to be used by the employee after the employee's termination. Defendants argued that vehicle costs were not required to be paid to employees under the prevailing wage rate law and the terms of the DEP contract.

### 2.    Payment of Attorneys' Fees, Costs and Expenses

Plaintiffs' Counsel seeks an award of Eighty-Five Thousand Dollars ($85,000.00) for all of the work already performed, and costs and expenses already incurred in this Litigation.  These payments will be deemed to compensate Plaintiffs' Counsel for all work and cost remaining to

be performed or incurred in documenting the Settlement, implementing the terms thereof with regard to notice, securing Final District Court Approval, ensuring the Settlement is fairly administered and implemented, obtaining dismissal of the Litigation with prejudice, and potentially defending against any appeals.  No Party Plaintiff or Plaintiffs' Counsel shall seek attorneys' fees or reimbursement of costs or expenses related to this Litigation from Defendants other than those contained in the Settlement Agreement.  These amounts will be paid to Plaintiffs' Counsel if the Court approves the fairness of the Settlement.  Defendants have agreed to pay these fees and expenses.  *See* Section 10.2.2 of the Settlement Agreement.

### 3.     Additional Payment for the Named Plaintiffs

Defendants agree to pay the sum of $1,500 to each Named Plaintiff, (Patrick Manswell, Anthony James, Kwesi Richardson, Bhawanie Jaggernauth, Kipling Campbell, Narayan Gopaul, Lennox Wade and Cedric Davidson), within forty-five (45) days of the Effective Date, as an incentive and compensatory award for their services as the putative class representatives in this action and the aid they provided to Class Counsel in the Litigation.  This Award does not diminish in any way the Named Plaintiffs' recovery as members of the Class Action Settlement Class.  *See* Section 10.3 of the Settlement Agreement.

### C.     <u>Release of Claims</u>.

In return for the above consideration, the Named Plaintiffs, and the Class Action Members who have received notice of the settlement who have not chosen to opt out ("Settlement Class Members"), will release all claims "based on acts occurring during the Class Period, that were asserted in the Litigation or that could have been but were not asserted in the Litigation for violations of the Fair Labor Standards Act, the Labor Law an/or contract law relating to payment of wages, hours worked, recording of hours worked, the amount of pay,

timing, means or manner of payment, deduction from wages, reimbursement for expenses of any kind, or the employee's hours of work, including compensation for time worked or allegedly worked," against Defendants and related parties ("Released Parties" as defined in the Settlement Agreement). *See* Paragraph 12 of Settlement Agreement.

        **D.**      **Defendants' Limited Right to Withdrawal from Settlement.**

The Settlement Agreement may be terminated by any party if the Court declines to approve the Settlement Agreement or any material term of the Settlement Agreement (including attorneys' fees in the amount of $85,000), or may be terminated by Defendants if more than $203,000 of claims are made by the class action members. *See* Agreement at Paragraph 8.2.7 and Paragraph 8.3.

**IV.**      **PRELIMINARY SETTLEMENT APPROVAL.**

        **A.**      **The Role of the Court.**

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for any compromise of claims brought on a class basis. Approval of a proposed settlement is a matter within the broad discretion of the district court. *See In re Warner Comms. Sec. Litig.,* 798 F.2d 35, 37 (2d Cir. 1986); *In re Michael Milken & Assoc. Sec. Litig.*, 150 F.R.D. 46, 53 (S.D.N.Y. 1993). "Preliminary Approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102, (S.D.N.Y. 1997) ("*In Re NASDAQ*"). "First, the court reviews the proposed terms of settlement and makes a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) ("*In re Initial Pub. Offering*") (citing *Manual for Complex Litigation*, Fourth § 21.632

(2004)).  "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ*, 176 F.R.D. at 102.

"If the court preliminarily approves the settlement, it must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *In re Initial Pub. Offering*, 226 F.R.D at 191.  Class members may then present arguments and evidence for and against the terms of the settlement before the Court decides whether the settlement is fair, reasonable and adequate. *Id*. (citing *Manual for Complex Litigation, Fourth* § 21.632-21.635 (2004)).

**B.    The Proposed Settlement Class May Be Certified Under *Amchem*.**

Prior to granting preliminary approval of a settlement, the Court should determine that the proposed settlement class is a proper class for settlement purposes.  *See Manual for Complex Litigation, Fourth* § 21.632; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  *See also Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 347 (S.D.N.Y 2005) ("Courts have frequently certified settlement classes on a preliminary basis, at the same time as the preliminary approval of the fairness of the settlement, and solely for the purposes of settlement, deferring final certification of the class until after the fairness hearing.") *rev'd on other grounds*, *Denny v. BDO Seidman, LLP*, 412 F.3d 58 (2d Cir. 2005).  The Court can certify a class where plaintiffs demonstrate that the proposed class and proposed class representatives meet the prerequisites in Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23 (b).  Fed. R. Civ. P. 23; *In re Visa Check/Mastermoney*

10

*Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001) *superseded by statute on other grounds as noted in Attenborough v. Constr. & Gen. Bldg. Laborers' Local  79*, 238 F.R.D. 82 (S.D.N.Y. 2006).

Certification of a class action for damages requires a showing that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In certifying a settlement class, the Court is not required to determine whether the action, if tried, would present intractable management problems. *Amchem Prods*., 521 U.S. at 620; *see* Fed. R. Civ. P. 23 (b)(3).  Rather, the Court has great discretion in determining whether to certify a class. *Amchem*, 521 U.S. at 624.  Here, for the purposes of the Settlement Agreement, the Parties have agreed to the preliminary certification of the Settlement Class, subject to the Court's entry of a Final Order approving same.

Additionally, an employee alleging violations of the FLSA may bring an action on behalf of all "other similarly situated employees."  29 U.S.C. § 216(b).  Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and by providing plaintiffs with the opportunity to "lower individual costs to vindicate rights by pooling of resources."  *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

Moreover, certification of the settlement class identified in the proposed Order is appropriate under FLSA, 29 U.S.C. § 216(b), and the Federal Rules of Civil Procedure 23(a) and 23(b)(3) for the reasons set forth below.  Such a "hybrid" class action is appropriate.  *See e.g. Kelly v. City and County of San Francisco*, No. C05-1287, 2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) (certifying Rule 23 class after previously issuing 216(b) notice).

### 1.      Plaintiffs Have Met All Of The Prerequisites Under Rule 23(a) and Section 216 of the Fair Labor Standards Act.

Plaintiffs have satisfied the numerosity, commonality, typicality and adequacy of representation requirements under Rule 23(a) and Section 216 of the Fair Labor Standards Act.

#### a.   The Requirement of Numerosity is Satisfied.

A potential class of forty (40) members is generally presumed sufficiently numerous.  *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. N.Y. 1995).  The settlement class contains a group of 78 employees of Defendants (*See* Exhibit A to the Settlement Agreement).  The Settlement Class is so numerous that joinder of all Settlement Class members is impractical.  *See* Fed. R. Civ. P. 23(a)(1).  *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ("Rule 23(a) requires a finding that the numerosity makes joinder of all class members 'impracticable,'" and "courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement.").

#### b.   The Requirement of Commonality is Satisfied.

There are several questions of law and fact common to the Settlement Class.  Among these questions are:

i.      whether the class members are/were employees of Defendants;

ii.     whether Defendants failed to pay class members straight time and/or overtime wages in violation of either the FLSA or the N.Y. Lab. Law and/or the regulations promulgated thereunder;

iii.    whether Defendants failed to pay Plaintiffs for their tools and for their vehicle expenses;

iv.     whether Defendants are/were covered employers required to pay overtime wages pursuant to the FLSA and/or the N.Y. Lab. Law and/or the regulations promulgated thereunder;

v.      whether, if Plaintiffs establish Defendants violated the law, such violation was made in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or N.Y. Lab. Law.

vi.     whether Defendants are liable for any of the damages claimed in the Complaint including, but not limited to: compensatory and liquidated damages, interest, costs, disbursements attorneys' fees, and litigation costs and expenses.

### c.  The Requirement of Typicality is Satisfied.

Plaintiffs' claims are typical of those of the Settlement Class because, like all Settlement Class Members, they are/were employed by Defendants and claim violations of state and federal labor laws.  *See* Fed. R. Civ. P. 23(a)(3).

### d.  The Requirement of Adequate Representation is Satisfied.

Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members.  Moreover, Plaintiffs have no interests antagonistic to Settlement Class Members.  Class Counsel conducted a thorough pre-filing and continuing

13

investigation, vigorously prosecuted the lawsuit, and negotiated a settlement that provides prompt and valuable relief to Settlement Class Members.

>    **2.    The Court Should Certify The Settlement Class Under Rule 23(b)(3) and Section 216 of the Fair Labor Standards Act**.

Preliminary certification is appropriate because, as set forth above, Plaintiffs have satisfied the predominance and superiority requirements under Rule 23(b)(3).

Specifically, the questions of law and fact common to all Settlement Class Members are described above.  These common questions predominate over any individual issues such as the nature and extent of damages.  *See In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d at 139 ("Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues."); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

Additionally, a class action is clearly superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all Settlement Class Members is impracticable.  Moreover, as the damages allegedly suffered by individual members of the Settlement Class may be relatively small, the expense and burden of individual litigation would make it impossible for all Settlement Class Members to individually redress the alleged harm done to them.

In sum, the Settlement Class is suitable for certification, and the Court should certify the Settlement Class pursuant to Rule 23(b)(3), for purposes of granting preliminary approval to the settlement.

### 3.    The Court Should Appoint Plaintiffs' Counsel As Class Counsel.

Under Rule 23, "a court that certifies a class must appoint class counsel. . . . [who] must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(A), (B).  In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class.  Fed. R. Civ. P. 23(g)(1)(C).

As identified in his biography presented to the Court, Plaintiffs' Counsel has significant experience in litigating class actions and collective actions pursuant to the FLSA. (*See* Declaration of William C. Rand In Support of Plaintiffs' Application for Preliminary Approval of Class Action Settlement, Ex. B, firm biography of the Law Office of William Coudert Rand). Counsel has diligently investigated, prosecuted, and settled this lawsuit, dedicated substantial resources to the investigation and prosecution of the claims at issue in the lawsuit, and demonstrated his knowledge of the state and federal labor laws at issue.

Therefore, the Court should appoint Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class pursuant to Rule 23(g).

### C.    Criteria To Be Considered In Deciding Preliminary Approval.

After certifying the Settlement Class, the Court should turn its attention to preliminarily approving the settlement.  The Court must "make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms."  *Manual for Complex Litigation, Fourth*, § 21.633.  The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range reasonableness." *Id.* § 40.42.

"In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice." *In re NASDAQ*, 176 F.R.D. at 102.  The purpose of the preliminary approval inquiry is "to determine whether the proposed settlement is within the range of possible approval."  *Armstrong v. Board of School Directors of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (internal quotation omitted) *overruled on other grounds Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) (quoted in *In re Prudential Sec. Inc. Ltd. P'ships Litig*., 163 F.R.D. 200, 209 (S.D.N.Y. 1995) ("*In re Prudential*)).  "Such a determination, though, need not focus solely on the monetary benefits of a proposed settlement.  It should additionally weigh the value of any monetary or intangible benefits associated with the agreement."  *In re Initial Pub. Offering*, 226 F.R.D. at 197.

Preliminary approval does <u>not</u> require the district court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See* 3 BJ Moore, *Moore's Federal Practice* paragraph 23.80[2.-1], at 23-479 (2d ed. 1993); *In re Prudential*, 163 F.R.D. at 210 (noting that the court can fully evaluate the fairness of the settlement "at the fairness hearing, where it can consider the submissions by proponents and potential opponents of the settlement and the reaction of the Class Members").  Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 323 F. Supp. 364, 372 (E.D. Pa. 1970).  *See also In re Initial Pub. Offering*, 226

F.R.D. at 191 (fairness hearing affords class members "an opportunity to present their views of the proposed settlement").

"It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential*, 163 F.R.D at 209. *See also Wal-Mart Stores, Inc. v. Visa U.S.A Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:41, at 87 (4th ed. 2002)).  In considering a potential settlement, the trial court need not reach any ultimate conclusions on the substantive factual or legal issues of plaintiff's claims.  *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974).  "We recognize that since 'the very purpose of a compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation', the court must not turn the settlement hearing 'into a trial or a rehearsal of the trial'; and that the court 'is concerned with the likelihood of success or failure and ought, therefore, to avoid any actual determination or the merits.'"  *Saylor v. Lindsley*, 456 F.2d 896, 904 (2d Cir. 1972) (quoting Haudek, *The Settlement and Dismissal of Stockholders' Actions – Part II: The Settlement*, 23 Sw.L.J. 765, 795 (1969) (footnotes omitted)). "In determining whether a proposed settlement is fair, reasonable, and adequate, the primary concern is with the substantive terms of the settlement:  Basic to this … is the need to compare the terms of the compromise with the likely rewards of litigation." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) (internal quotations omitted).

Moreover, the opinions of experienced Counsel supporting the settlement are entitled to considerable weight.  *See Reed v. General Motors Corp.,* 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried.")  As the court

explained in *Lyons v. Marrud, Inc.*, [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 93,525 (S.D.N.Y. 1972), "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits.  They have concluded that compromise is well advised and necessary.  The parties' decision regarding the respective merits of their positions has an important bearing on this case." *Id.* at 92,520.

Here, experienced Counsel for Plaintiffs and Defendants, after substantial adversarial negotiations, have concluded that the proposed settlement – which includes substantial monetary benefits to the class members, and collective action members – is in the best interests of their respective clients and the Settlement Class as a whole.  The settlement merits preliminary approval and submission to the Settlement Class for its consideration.

Moreover, the FLSA was enacted to protect workers from the poor wages and oppressive working hours that can result from the unequal bargaining power between employers and employees.  *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003).  When an employee brings a private action against an employer for back wages under 29 U.S.C. § 216(b), the parties must present any proposed settlement to the district court for approval.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982).  If, after scrutinizing the proposed settlement, the district court concludes that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," it may enter a stipulated judgment.  *Id.* at 1355; *Stalnaker*, 293 F. Supp. 2d at 1263.

Settlements of FLSA claims in the context of a suit brought by employees are permissible because initiation of the action "provides some assurance of an adversarial context."  *Lynn's Food Stores*, 679 F.2d at 1354.  In such instances, the employees are likely to be represented by

an attorney who can protect their rights under the statute, and thus, "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* If the settlement reflects a reasonable compromise over issues, "such as FLSA coverage or computation of back wages," that are actually in dispute, the district court can approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

As discussed above, this Settlement, which includes settlement of FLSA claims, is fair and reasonable and should be preliminarily approved by the Court.

### 1. There Are No Grounds To Doubt The Fairness Of The Settlement, Which Is The Product Of Extensive, Arm's-Length Negotiations.

The criteria of evaluating a request for preliminary approval have been summarized thus:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*In re Prudential*, 163 F.R.D at 209 (quoting *Manual for Complex Litigation, Third* § 30.41). Under these criteria, the Court should grant preliminary approval of the proposed settlement and order the dissemination of notice.

The first consideration in the preliminary-approval analysis is whether "the settlement is the result of serious, informed and non-collusive negotiations." *In re Medical X-Ray Film Antitrust Litig.,* Master File No CV 93-5904 (CPS), 1997 U.S. Dist. LEXIS 21936, at *19 (E.D.N.Y. Dec. 10, 1997). In applying this factor, courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *See Reed*, 703

F. 2d at 175; *In re Automotive Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2003 U.S. Dist. LEXIS 4681, at *3 (E.D. Pa. Mar. 17, 2003) (granting preliminary settlement approval) ("[I]t is appropriate to give deference to the recommendations of experienced attorneys who have engaged in arms-length settlement negotiations."); *McNamara v. Bre-X Minerals Ltd.,* 214 F.R.D. 424, 430-31 (E.D. Tex. 2002) ("Counsel on all sides have proved to the Court their knowledge of the facts and law relevant to this case.  Settlement was reached by knowledgeable counsel, and it was arrived at after much negotiation….").  Indeed, when a settlement is negotiated at arm's length by experienced counsel, there is a presumption that it is fair and reasonable.  *See In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 359, 380 (N.D. Ohio 2001) (granting preliminary settlement approval) ("[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair."); *In re Shell Oil Refinery,* 155 F.R.D. 552, 556 (E.D. La. 1993) (citing evidence of counsel demonstrating "their conviction that the settlement amount was well within the range of possible approval and was the result of arms length, non-collusive bargaining").

The proposed settlement here is the product of extensive, arm's-length negotiations conducted in-person, and by telephone, which negotiations followed Defendants' production of significant amounts of information and records.  Based on their familiarity with the factual and legal issues, the parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation.  The negotiations were at all times hard-fought and at arm's length, and produced a result that the settling parties believe to be in their respective best interests.

## 2.    The Settlement Contains No Obvious Deficiencies.

The proposed settlement has no obvious deficiencies.  The settlement provides representative plaintiffs bonuses (upon approval of the settlement by the Court) to each Named

Plaintiff, Patrick Manswell, Anthony James, Kwesi Richardson, Bhawanie Jaggernauth, Kipling Campbell, Narayan Gopaul, Lennox Wade, and Cedric Davidson, in the amount of $1,500 each, because of their participation in this matter as lead plaintiffs.  These bonuses are reasonable in light of the overall benefit conferred on the Settlement Class.  *See, e.g., Spann v. AOL Time Warner, Inc.*, 02 Civ. 8238, 2005 U.S. Dist. LEXIS 10848, at *27 (S.D.N.Y. June 7, 2005) (granting incentive award of $10,000 per plaintiff on class action settlement).

Finally, the settlement does not mandate excessive compensation for Plaintiffs' Counsel. Plaintiffs' Counsel seek an award of Eighty-Five Thousand Dollars and No Cents ($85,000.00) for fees, costs and expenses, which will be paid to Plaintiffs' Counsel if the Court approves the fairness of the settlement agreement and fee agreement.  Plaintiffs' Counsel will not make any further application to the Court for any additional fees, costs and/or expenses.  Plaintiff's Counsel's fees are based on Plaintiffs' Counsel's anticipated total hours of work on the case, which equal about 245 hours and constitutes an hourly rate of $347, which is extremely reasonable given that Plaintiffs' Counsel, William C. Rand, Esq., has over 19 years of litigation experience and specializes in FLSA collective actions.  The hours reasonably reflect the numerous hours required to prosecute an action on behalf of 78 plaintiffs in which Plaintiffs' Counsel, *inter alia*, (a) responded and met with numerous opt-in plaintiffs, (b) fully briefed a motion for certification of a collective action, and (c) negotiated a collective settlement agreement.  The Named Plaintiffs have been specifically advised of the amount of attorneys' fees that Plaintiffs' Counsel will receive and have agreed to the fee.

The rate of $350 per hour has been found by courts in this District to be a reasonable rate. See Rand Declaration at ¶34.  "Courts in this District have determined that the range between $250 and $450 is generally an appropriate fee for experienced civil rights and employment law

litigators." *Maldonado v. La Nueva Rampa, Inc.*, 2012 U.S. Dist. LEXIS 67058 at * 46 (S.D.N.Y. May 14, 2012) (citing *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011) (finding rates of $450 for partners and $300 for associates at "well-known and highly respected law firm" are "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases")).  Additionally, this District has found a rate of $350-$400 per hour to be a reasonable rate for the work performed in a FLSA case by an attorney with 12 years of litigation experience.  *See Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, 2010 WL 3452417, at *7-9 (S.D.N.Y. Sept. 1, 2010).  *See also Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. LEXIS 33883, 2007 WL 1373118, at *3-4 (awarding associate director of Urban Justice Center with fifteen years experience $400 per hour).  Here, Counsel for the Plaintiffs is requesting attorney's fees at a reasonable rate, below the average rate found to be reasonable by this District.

### 3.   The Settlement Falls Within The Range Of Possible Approval.

As explained above, the proposed Settlement was reached only after protracted arm's-length negotiations between the parties and Plaintiffs' and Defendants' Counsel, who considered the advantages and disadvantages of continued litigation.  Plaintiffs' Counsel believe this settlement achieves all of the objectives of the litigation, namely a monetary settlement to Class Members, and Collective Action Members, currently or formerly employed by Defendants to compensate them for Defendants' alleged failure to pay them overtime wages.  Plaintiffs' Counsel, with a great deal of experience in the prosecution and resolution of class actions and collective action litigation, has carefully evaluated the merits of this case and the proposed settlement.  Even if the matter were to proceed to trial, Plaintiffs' Counsel acknowledges, based

on past, real-world experience, that the apparent strength of a Plaintiffs' case is no guarantee against a defense verdict. Furthermore, even if a judgment were obtained against Defendants at trial, the relief might be no greater, and indeed might be less, than that provided by the proposed Settlement.

In light of the above considerations, the proposed settlement as a whole falls within the range of possible final approval. The Court should therefore grant preliminary approval of the settlement and direct that notice of it be given to the Settlement Class.


## V.      **THE PROPOSED PLAN OF CLASS NOTICE.**

Rule 23 (c)(2)(B) provides, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974). Rule 23(e)(B) similarly says, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(B). The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. *Wal-Mart Stores*, 396 F.3d at 113 (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983)); Fed. R. Civ. P. 23(e). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id.* at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)). Notice is "adequate if it may be understood by the

average class member." 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:53, at 167 (4th ed. 2002).

Here, the parties propose a direct mail campaign, designed to reach as many Settlement Class Members as possible, based upon information about employees maintained by the Defendants. The proposed methods of notice comport with Rule 23, Section 216 of the Fair Labor Standards Act and the requirements of due process. Mailing constitutes reasonable notice because those persons whose notices are returned because their addresses cannot be identified will be automatically excluded from the Class. As for the content of the notice, Rule 23(c)(2)(B) provides:

The notice [to a Rule 23(b)(3) class] must concisely and clearly state in plain, easily understood language:

- the nature of the action,

- the definition of the class certified,

- the class claims, issues, or defenses,

- that a class member may enter an appearance through Counsel if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

Where notice is being sent in connection with a proposed settlement, "the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart,* 396 F.3d at 114 (quoting *Weinberger,* 698 F.2d at 70).

The proposed notice of this class and collective action settlement attached to the Settlement Agreement as Exhibit D ("the Notice") comports with the above-cited legal authorities in all respects.  To that end, the proposed Notice: (1) describes the nature, history, and status of the litigation; (2) sets forth a clear definition of the proposed Settlement Class; (3) states the class claims and issues; (4) clearly provides that Settlement Class Members may enter an appearance through their own counsel; (5) discloses the right of the people who fall within the definition of the Settlement Class to exclude themselves from the Settlement, and specifies the deadline and procedure for doing so; and (6) warns of the binding effect of the settlement approval proceedings on those persons who remain in the Settlement Class.  In addition, the Notice clearly describes the terms of settlement, and the relief available to Settlement Class Members.

The Notice also provides clear notice that Plaintiffs' Counsel seeks compensation in the form of a payment for fees, costs and expenses and the named plaintiffs' incentive bonuses.

Finally, the Notice also provides contact information for Class Counsel; summarizes the reasons the parties are proposing the settlement; discloses the date, time and place of the formal Fairness Hearing; and describes the procedures for commenting on the settlement and appearing at the Fairness Hearing.  The Notice contents therefore satisfy all applicable requirements. Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Settlement Class.

**VI.  <u>CONCLUSION</u>.**

For the foregoing reasons, Plaintiffs respectfully ask that the Court to grant preliminary approval of the proposed settlement and enter the proposed Preliminary Order in connection with Settlement Proceedings, submitted herewith.

DATED: November 8, 2012

Respectfully submitted,

s/William C. Rand

_____

William Coudert Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
*Attorney for Plaintiff*s, Individually and on
Behalf of All Other Persons Similarly Situated
488 Madison Avenue, Suite 1100
New York, New York 10022
Tel: (212) 286-1425; Fax: (646) 688-3078
E-mail: wcrand@wcrand.com